IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-530-BO-RN

ANNEMARIE D. RIETHMILLER, )
)
Plaintiff, )
)
v. ) O R D E R
)
UNKNOWN DEFENDANTS, )
)
Defendants. )

This cause comes before the Court on the Memorandum and Recommendation (M&R) of Magistrate Judge Robert T. Numbers, II. On May 12, 2025, Magistrate Judge Numbers recommended the Court dismiss plaintiff's complaint [DE 1] without prejudice [DE 7]. The M&R advised plaintiff she had fourteen days to file a written objection and the effect of failing to timely file a written objection. On June 23, 2025, plaintiff filed an untimely objection.

DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Brooks,* 599 F. Supp. 3d 337, 340 (W.D.N.C. 2022) (quotations and citation omitted). "[W]hen reviewing pro se objections to a magistrate's recommendation,

district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, or a party's objections are untimely, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *Leach v. Entzel*, 2019 WL 2870098, at *1 (N.D.W. Va.). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Given that plaintiff's objection was untimely, the Court has reviewed the M&R for clear error and is satisfied that there is none on the face of the record. However, even if the Court were to consider plaintiff's objection, the objection is properly overruled. Plaintiff's objection is general, conclusory, and frivolous. Plaintiff fails to specifically address the "irreducible constitutional minimum of standing" addressed by the M&R, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (internal quotation and citation omitted), and instead refers to the M&R as "gobbledee gook nonsense" [DE 8] at 4. Plaintiff's untimely objection is overruled, and the M&R is adopted in full.

CONCLUSION

Accordingly, for the foregoing reasons, the Memorandum and Recommendation of Judge Numbers [DE 7] is ADOPTED, and plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. The Clerk is DIRECTED to close the case.

SO ORDERED, this __1__ day of July 2025.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2